# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
PERNELL EVANS, an individual

### DEFENDANTS
FEDERAL EXPRESS, a corporation, EVERETT REY, an individual, ROBIN VAN GALDER, an individual, and DOES 1-50

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

LAW OFFICES OF WAUKEEN MCCOY  (415) 675-7705
703 MARKET ST., STE 1407
SAN FRANCISCO, CA 94103

Attorneys (If Known)

E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
RACIAL DISCRIMINATION 42 U.S.C. 1981; RACIAL DISCRIMINATION 42 U.S.C. 2000

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". ALVARADO V. FEDEX  CASE NUMBER C04-009851

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- ☐ SAN JOSE

DATE 2-19-08

SIGNATURE OF ATTORNEY OF RECORD

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

PERNELL EVANS, an individual

SUMMONS IN A CIVIL CASE

CASE NUMBER:

v.

FEDERAL EXPRESS, a corporation, EVERETT REY, an individual, ROBIN VAL GALDER, an individual, and DOES 1-50

CV 08 1005

TO: (Name and address of defendant)

EVERETT REY
9190 EDES AVE
OAKLAND, CA 94603   *And the Above Named Defendants*

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LAW OFFICES OF WAUKEEN MCCOY
WAUKEEN MCCOY
703 MARKET ST., STE 1407
SAN FRANCISCO, CA 94103

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

(By) DEPUTY CLERK

DATE: FEB 19 2008

| | |
|---|---|
| 1 | WAUKEEN Q. McCOY, ESQ. (SBN: 168228)<br>LAW OFFICES OF WAUKEEN Q. McCOY |
| 2 | 703 Market Street, Suite 1407<br>San Francisco, California 94103 |
| 3 | Telephone (415) 675-7705<br>Facsimile (415) 675-2530 |
| 4 | Attorney for Plaintiff |
| 5 | PERNELL EVANS |

FILED
FEB 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

EDL

U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERNELL EVANS, an individual;

    Plaintiff,

vs.

FEDERAL EXPRESS, a corporation, EVERETT REY, an individual, ROBIN VAN GALDER, an individual, and DOES 1-50

    Defendants.

Case No. CV 08 1005

UNLIMITED JURISDICTION

**COMPLAINT FOR:**

1. RACIAL DISCRIMINATION 42 *U.S.C.* § 1981
2. RACIAL DISCRIMINATION 42 *U.S.C.* § 2000
3. RACIAL DISCRIMINATION Cal. *Gov't. Code* § 12940
4. HARASSMENT Cal. *Govt. Code* § 12940
5. RETALIATION Cal. *Govt. Code* § 12940
6. Constructive Discharge Cal. *Govt. Code* § 12940
7. FAILURE TO MAINTAIN ENVIRONMENT FREE OF HARASSMENT Cal. *Govt. Code* § 12940
8. FAILURE TO INVESTIGATE Cal. *Govt. Code* § 12940
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
10. HOSTILE WORK ENVIRONMENT Cal. *Govt. Code* § 12940

**JURY TRIAL DEMANDED**

COMES NOW PLAINTIFF, PERNELL EVANS, and alleges against all Defendants as follows:

/ / /

/ / /

COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1981. The action presents federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, as amended, and 42 U.S.C. § 1981. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims under the California Fair Employment and Housing Act, Cal. Gov't. Code §§ 12940, *et seq.*

2. Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and 28 U.S.C. § 1391 (b) & (c). All Plaintiff's claims arose in the Northern District of California, and the acts complained of herein occurred in this District and gave rise to the claims alleged. Defendant Federal Express operates its business in the Northern District of California.

## INTRODUCTION

3. This is an action for damages for Racial Discrimination, Harassment, Retaliation, Constructive Discharge, Hostile Work Environment, Failure to Maintain Environment Free of Harassment, Failure to Investigate and Intentional Infliction of Emotional Distress. This action arises out of events involving Plaintiff PERNELL EVANS. (hereafter "Plaintiff" or "EVANS") and Defendants FEDERAL EXPRESS (hereafter "Defendant" or "FEDEX"), EVERETT REY and ROBIN VAN GALDER.

## THE PARTIES

4. Plaintiff PERNELL EVANS ("Plaintiff" or "EVANS") is an African American male individual formerly employed by defendant FEDERAL EXPRESS CORP. (hereafter "Defendant" or "FEDEX") as an Operations Manager.

5. Plaintiff is informed and believes and thereon alleges that defendant FEDEX is a Delaware corporation doing business in California as a package delivery company.

COMPLAINT

6. Plaintiff is informed and believes and thereon alleges that defendant EVERETT REY ("REY") is a Caucasian individual employed by defendant FEDEX as Senior Manager.

7. Plaintiff is informed and believes and thereon alleges that defendant ROBIN VAN GALDER ("VAN GALDER") is a Caucasian individual employed by defendant FEDEX as Managing Director.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and EVANS therefore sues such defendants by such fictitious names. EVANS will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that EVANS' injuries as alleged herein were proximately caused by such aforementioned defendants.

9. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was acting as the partner, agent, servant, and employee of each remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining defendants, and that each defendant is responsible for the occurrences, acts and omissions of each other defendant complained of herein.

**GENERAL ALLEGATIONS**

10. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 9 above.

11. Defendant FEDEX hired plaintiff EVANS in approximately January 1990 as a casual, part-time courier at the Emeryville Facility. In 1996, plaintiff EVANS transferred to the RTD division in Oakland, California. Upon his transfer Plaintiff became a full-time Ramp

COMPLAINT

Transport Driver. In 1998, plaintiff EVANS became an Operations Manager for the Ramp Transport Drivers at the San Leandro Facility.

12. In December 2002, plaintiff Evans filed a law suit against defendant FEDEX for race discrimination and retaliation. In August 2005, during his pending lawsuit plaintiff EVANS was falsely accused of drinking beer at the front entrance of the FEDEX RTD San Leandro facility by manager Tim Johns. In November of 2006 Plaintiff received a jury award in the amount of $950,000 as a result of the illegal discrimination and retaliation he faced at the hands of FedEx. After filing his law suit, plaintiff EVANS was retaliated against by Defendants.

13. In December 2006, after plaintiff EVANS received a favorable verdict against defendant FEDEX, he was retaliated against by defendants FEDEX. On January 17, 2007, plaintiff EVANS filed a DFEH complaint for not being paid for court time, while other non-African American employees who attended trial were paid for court time.

14. On January 15, 2007, when plaintiff returned from vacation, he was retaliated against and told that that he was under investigation for causing FEDEX to have 381 late packages. As a result for this alleged infraction Plaintiff EVANS was suspended. Plaintiff EVANS asked defendant EV REY if they could meet with the driver who was a witness to the incident. Defendant EV REY said no and denied plaintiff EVANS the right to talk to any FEDEX employee. A FEDEX employee who witnessed the incident could have cleared plaintiff EVANS of the 381 late packages as he knew that the late packages arriving late was caused by a non African-American manager.

15. On January 25, 2007, after complaining and sending emails for eight days about his unfair suspension and retaliation, plaintiff EVANS had no choice but to file another DFEH complaint.

16. On January 29, 2007, four days after plaintiff EVANS filed his DFEH complaint, the defendants' retaliation towards plaintiff EVANS intensified. Defendant EV REY gave plaintiff EVANS a warning letter for unacceptable conduct and accused EVANS of causing the company to have 381 late packages. Plaintiff EVANS was accused of being disruptive and unprofessional in the general work area and failing to contact his senior manager everyday at

COMPLAINT

1:00 PM while on suspension. Plaintiff EVANS was also disciplined for not taking action on a tractor-trailer that had mechanical failure upon arrival at the RHV station. Plaintiff EVAN's suspension was changed from a paid suspension to an unpaid suspension. Plaintiff EVANS complained to defendant EV REY that the warning letter was unfair and that the 381 late packages were not his fault. Plaintiff EVANS informed defendant EV REY that the late packages were caused by the RHV station manager who is non African-American. Plaintiff EVANS asked defendant EV REY to get a written statement from the driver, who witnessed everything. Defendant EV REY refused to get a statement from the witness. Defendant EV REY denied plaintiff EVANS the right to talk to his own employee about the 381 late packages. Plaintiff EVANS was told that he could not talk to or have any contact with any FEDEX employee, even his own employee who was a witness to the incident that caused Evans to get an unfair warning letter.

   17. Defendants FEDEX and EV REY claimed that an extensive investigation was done and plaintiff EVANS was found guilty of all charges. However, no investigation was conducted. In fact, FEDEX failed to talk to or get a written statement from the non African-American manager who departed the truck driver 45 minutes late. Defendant failed to investigate the non African-American manager who loaded the truck that had mechanical failure upon arrival at the RHV station. Defendant failed to investigate the non African-American manager who loaded the truck that did not have enough fuel to make it from San Jose to the Oakland Airport. Defendant failed to investigate the non African-American manager who had problems departing the truck on time for over a year. Defendant failed to make the non African-American manager depart the truck on time even though plaintiff Evans and the driver complained to defendant EV REY for over a year by email. Defendant EV REY's refusal to give the route a proper departure time and his refusal to discipline the non African-American manager who delayed the truck for over a year was a retaliatory act towards plaintiff.

   18. After seventeen years of service, plaintiff EVANS received his first warning letter from defendant EV REY. EV REY had been mistreating him for over five years and was a named defendant in Evans previous lawsuit. In February 2007, plaintiff complained to human

COMPLAINT

1 resources about the illegal retaliatory actions of EV REY. Plaintiff was told by human resources
2 that there was no record that defendant EV REY ever mistreated plaintiff.

3   19.   In February 2007, plaintiff EVANS asked defendant FEDEX representatives to grant him an unpaid leave of absence so he could seek another position away from defendant EV REY. FEDEX representatives denied plaintiff EVANS' request for an unpaid leave of absence and denied plaintiff the right to apply for other positions within the company. Defendant FEDEX personnel agents would not allow plaintiff EVANS to apply for another position within FEDEX because of the warning letter that EV REY gave to the plaintiff earlier.

   20.   Plaintiff EVANS complained to the human resources about the unfair suspension and warning letter that was preventing him from applying for positions away from EV REY. Human resources again stated that they agreed with the issuance of the warning letter and suspension, and the issuance of the warning letter was justifiable.

   21.   As a result of the retaliatory warning letter in his file EVANS was forced to remain under the chain of command EV REY and Robin Van Galder. Plaintiff Evans was forced out of his job so EV REY, Robin Van Gulder, and Guy Capprillo could hire their friend Ron Frasier, who was given a transfer and promotion to the RTD division a couple of weeks after EVANS was terminated. The hiring of Ron Frazier was unfair because Ron Frasier has never had any RTD experience and plaintiff EVANS had 11 years of RTD experience.

### FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION

#### 42 U.S.C. § 1981

(Against Defendant FEDEX)

   22.   Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 21 above.

   23.   Defendants, through their agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 U.S.C. § 1981 in connection with its treatment of EVANS and the terms and conditions of his employment.

COMPLAINT

24. At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and their failure to protect EVANS from further discrimination, Plaintiff suffered severe emotional distress.

25. Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, Defendant FEDEX has engaged in other discriminatory practices against EVANS, which are not yet fully known. When said discriminatory practices become known to EVANS, he will seek leave of court to amend this complaint in those regards.

26. As a direct and proximate result of the willful, knowing, and intentional discrimination against EVANS, and the failure to act by defendants, EVANS has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

27. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of EVANS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

## SECOND CAUSE OF ACTION: RACIAL DISCRIMINATION

*42 U.S.C. § 2000 et seq.*

(Against Defendant FEDEX)

28. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 27 above.

29. Defendants, through its agents and employees engaged in a pattern and practice of unlawful racial discrimination in violation of 42 *U.S.C.* § 2000 *et seq.* in connection with its treatment of EVANS and the terms and conditions of his employment.

COMPLAINT

30.  At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and Defendant's failure to protect EVANS from further discrimination, Plaintiff suffered severe emotional distress.

31.  Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, Defendant FEDEX has engaged in other discriminatory practices against EVANS, which are not yet fully known. When said discriminatory practices become known to EVANS, he will seek leave of court to amend this complaint in those regards.

32.  As a direct and proximate result of the willful, knowing, and intentional discrimination against EVANS, and the failure to act by defendants, EVANS has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

33.  Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of EVANS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

### THIRD CAUSE OF ACTION: RACIAL DISCRIMINATION

Cal. Gov't. Code § 12940

(Against Defendant FEDEX)

34.  Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 33 above.

35.  Defendants, by and through its agents and management level employees engaged in a continuing pattern and practice of unlawful racial discrimination in violation of California *Government Code* § 12940 *et seq.* in connection with its treatment of EVANS and the terms and conditions of his employment.

COMPLAINT

36. At all relevant times, defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of defendant's pattern and practice of unlawful discrimination, EVANS suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

37. As a direct and proximate result of the willful, knowing, and intentional discrimination against EVANS, and the failure to act by defendants in an effort to remedy said discrimination, EVANS suffered mental distress, anguish, and indignation. EVANS is thereby entitled to general and compensatory damages in an amount to be proven at trial.

38. Defendant's acts alleged herein are malicious, oppressive, despicable and in conscious disregard of EVANS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

### FOURTH CAUSE OF ACTION: HARASSMENT
### Cal. *Govt. Code* §12940
(Against all defendants)

39. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 38 above.

40. By engaging in the conduct previously alleged herein, defendants, and each of them, violated California *Government Code* § 12940 by creating, maintaining, encouraging, failing to investigate properly and by failing to remedy a hostile work environment prohibited by the *Fair Employment and Housing Act* ("FEHA"), despite EVANS' complaints to management level employees that he was being harassed because of his complaints and because of his race.

41. At all relevant times, Defendants had actual and constructive knowledge of the harassing conduct described and alleged herein, and condoned, ratified and participated in the harassment. As a result of the hostile and offensive work environment perpetrated and maintained by defendants, and their failure to protect EVANS from further harassment, Plaintiff suffered severe emotional distress, humiliation, indignity and loss of income in an amount provable at the time of trial.

COMPLAINT

42. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated practice above, defendants, and each of them, have engaged in other unlawful practices against EVANS which are not yet fully known. When said discriminatory practices become known to EVANS, he will seek leave to amend this complaint in those regards.

43. As a direct and proximate result of the willful, knowing, and intentional harassment of EVANS, and the failure to act by defendants in an effort to remedy said environment, EVANS has suffered and will continue to suffer mental distress, anguish, and indignation. EVANS is thereby entitled to general and compensatory damages in an amount to be proven at trial.

44. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of EVANS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of them.

### FIFTH CAUSE OF ACTION: RETALIATION
### Cal. *Govt. Code* §12940 and 42 *U.S.C.* § 2000 *et seq.*

(Against all defendants)

45. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 44 above.

46. Plaintiff is informed and believes and thereon alleges that defendants engaged in retaliatory conduct in violation of public policy against EVANS for opposing unlawful practices under FEHA.

47. Defendants retaliated against EVANS in violation of California Government Code § 12940 by maintaining an environment of hostility and abuse, failing to stop defendants from harassing EVANS and terminating him.

48. At all relevant times, defendants had actual and constructive knowledge of the retaliatory conduct described and alleged herein, and condoned, ratified and participated in the retaliation. As a result of the retaliatory behavior perpetrated and executed by defendants, and defendants' failure to protect EVANS from retaliatory behavior, he has suffered severe emotional

COMPLAINT

1 distress, humiliation and embarrassment. As a further proximate result of such conduct, plaintiff has suffered loss of income, loss of advance and promotions, loss of career opportunity and loss of tangible job benefits, all in amounts to be proven at trial.

49. Plaintiff is informed and believes and thereon alleges that in addition to the enumerated practices above, Defendants, and each of them, have engaged in other unlawful practices against EVANS which are not yet fully known. At such time as said retaliatory practices become known to EVANS, he will seek leave to amend this complaint in those regards.

50. As a direct and proximate result of Defendants willful, knowing, and intentional acts, and Defendants' failure to act, EVANS has suffered and will continue to suffer mental distress, anguish, and indignation. EVANS is thereby entitled to general and compensatory damages in an amount to be proven at trial.

51. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of EVANS' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of them.

### SIXTH CAUSE OF ACTION: CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

Cal. Govt. Code § 12940

(Against all defendants)

52. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 51 above.

53. Plaintiff's Constructive Discharge from his employment with FEDEX was based upon defendant's violation of public policy, including but not limited to the following: the fundamental public policies against discrimination, harassment and retaliation.

54. As a proximate result of Defendants' wrongful acts, Plaintiff suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings,

COMPLAINT

bonuses, deferred compensation, stock options, and other employment benefits; and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

55. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure EVANS, from an improper and evil motive amounting to malice, and in conscious disregard of EVANS' rights. The acts complained of were known to, authorized and ratified by Defendants. EVANS is therefore entitled to recover punitive damages from defendants, and each of them, in an amount according to proof at the time of trial.

**SEVENTH CAUSE OF ACTION: FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM HARASSMENT**

Cal. *Govt. Code* § 12940

(Against all defendants)

56. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 55 above.

57. Plaintiff is informed and believes and thereon alleges that defendants failed to take all reasonable steps to prevent discrimination, retaliation and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the discrimination, retaliation and harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

1. Plaintiff is informed and believes and thereon alleges that specifically, Defendants failed and have failed to the present time to take any disciplinary action against any of the named defendants and DOES 1-50, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination for their unlawful conduct towards Plaintiff.

2.
COMPLAINT

## EIGHTH CAUSE OF ACTION: FAILURE TO INVESTIGATE

Cal. Govt. Code § 12940

(Against all defendants)

59. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 58 above.

60. Plaintiff is informed and believes and thereon alleges that defendants were aware of the discrimination, harassment and retaliation experienced by Plaintiff at its workplace.

61. Plaintiff is informed and believes and thereon alleges that Defendants by and through their agents and employees completely failed to investigate the discrimination, retaliation and harassment experienced by Plaintiff. Instead of ensuring a safe work environment for their employee, defendants allowed Plaintiff to continue to suffer discrimination, retaliation and harassment until he was constructively discharged.

62. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Defendants' willful, knowing, and intentional acts, and Defendants' failure to investigate, Plaintiff has suffered and will continue to suffer mental distress, anguish, indignation, a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

63. Plaintiff is informed and believes and thereon alleges that defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs rights. As such, punitive damages are warranted against defendants in order to punish and make an example of their actions.

/ / /

/ / /

/ / /

COMPLAINT

## NINTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against all defendants)

64. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 63 above.

65. Plaintiff is informed and believes and thereon alleges that Defendants acted without regard to the health and safety of Plaintiff, and each of them treated Plaintiff in the deplorable manner alleged herein. That treatment and its surrounding consequences constituted extreme and outrageous conduct by defendants.

66. Plaintiff is informed and believes and thereon alleges that Defendants, standing in a position of authority over Plaintiff, acted with deliberation without regard to the health, safety, or well-being of Plaintiff and caused him severe emotional and physical distress.

67. Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants' extreme and outrageous acts, Plaintiff suffered severe emotional distress in the form of humiliation, embarrassment, mental-anguish, anxiety, stress and indignation. Defendants' acts were done with the willful knowledge that Plaintiff could suffer severe harm as a result.

68. Plaintiff is informed and believes and thereon alleges that Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against Defendants in order to punish them and make an example of their actions.

## TENTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT
Cal. *Govt. Code* § 12940
(Against all defendants)

69. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through

COMPLAINT

68 above.

70. Plaintiff is informed and believes and thereon alleges that defendants failed to take all reasonable steps to prevent retaliation and harassment against Plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the retaliation and harassment, in violation of Cal. Govt. Code § 12940, by engaging in the course of conduct set forth above, among other things.

71. Plaintiff is informed and believes and thereon alleges that specifically, Defendants failed and have failed to the present time to take any disciplinary action against individually named defendants, such as issuing a formal warning, providing effective counseling, or imposing probation, suspension, or termination for her unlawful conduct towards Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief as follows:

1. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For punitive damages in amounts according to proof;

4. For attorneys' fees as provided by law;

5. For interest as provided by law;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems fair and just.

Dated: February 19, 2008        LAW OFFICES OF WAUKEEN Q. McCOY

/s/ Waukeen Q. McCoy
Attorneys for Plaintiff
PERNELL EVANS

COMPLAINT