Mireya A.R. Llaurado (Bar No. 194882)
Christopher J. Yost (Bar No. 150785)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street
Irvine, California 92614
Telephone: 949.862.4632
Facsimile: 949.862.4605

Attorneys for Defendants
FEDERAL EXPRESS CORPORATION,
EVERETT REY, and ROBERT VAN
GALDER, erroneously sued and served as
Robin Van Galder

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERNELL EVANS,<br><br>      Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS, a corporation, EVERETT REY, an individual, ROBIN VAN GALDER, an individual, and DOES 1 - 50<br><br>      Defendants. | Case No. CV-08-01005 MHP<br><br>Assigned to: Honorable Marilyn Hall Patel, Courtroom 15<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT<br><br>Jury Trial Demanded<br><br>Complaint filed: Feb. 19, 2008 |

Defendants Federal Express Corporation ("FedEx Express"), Everett Rey ("Rey") and Robert Van Galder, erroneously sued and served as Robin Van Galder ("Van Galder") answer the Complaint as follows:

**JURISDICTION AND VENUE**

1.    Defendants admit the allegations in Paragraph No. 1 of the Complaint but deny all allegations forming the basis of the claims and relief.

1

Defendants' Answer And Affirmative Defenses To Plaintiff's Complaint      CV-08-01005-MHP

2. Defendants admit the allegations in Paragraph No. 2 of the Complaint but deny all allegations forming the basis of the claims and relief.

## INTRODUCTION

3. Defendants deny the allegations in Paragraph No. 3 of the Complaint.

## THE PARTIES

4. Defendants admit the allegations in Paragraph No. 4 of the Complaint.

5. Defendant FedEx deny the allegations in Paragraph No. 5 of the Complaint because the meaning given to certain phrases and words, "package delivery company" is vague and ambiguous and subject to multiple interpretations; Defendants Rey and Van Galder are without knowledge and therefore deny the same.

6. Defendants admit the allegations in Paragraph No. 6 of the Complaint.

7. Defendants admit the allegations in Paragraph No. 7 of the Complaint.

8. Defendants are without knowledge as to the identities and capacities of DOES 1 – 50 and therefore deny the allegations in Paragraph No. 8 of the Complaint.

9. Defendants deny the allegations in Paragraph No. 9 of the Complaint.

## GENERAL ALLEGATIONS

10. Defendants incorporate their admissions and denials as asserted in

Paragraphs 1 through 9 above as though fully set forth herein.

11. Defendant FedEx denies the allegations in Paragraph No. 11 of the Complaint; Defendants Rey and Van Galder are without knowledge and therefore deny the same.

12. Defendants deny the allegations in Paragraph No. 12 of the Complaint.

13. Defendants deny the allegations in Paragraph No. 13 of the Complaint.

14. Defendants deny the allegations in Paragraph No. 14 of the Complaint.

15. Defendants deny the allegations in Paragraph No. 15 of the Complaint.

16. Defendants deny the allegations in Paragraph No. 16 of the Complaint.

17. Defendants deny the allegations in Paragraph No. 17 of the Complaint.

18. Defendants deny the allegations in Paragraph No. 18 of the Complaint.

19. Defendants deny the allegations in Paragraph No. 19 of the Complaint.

20. Defendants deny the allegations in Paragraph No. 20 of the Complaint.

21. Defendants deny the allegations in Paragraph No. 21 of the Complaint.

## FIRST CAUSE OF ACTION:  RACIAL DISCRIMINATION

## 42 *U.S.C.* § 1981

(Against Defendant FedEx)

22. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant denies the allegations in Paragraph No. 23 of the Complaint.

24. Defendant denies the allegations in Paragraph No. 24 of the Complaint.

25. Defendant denies the allegations in Paragraph No. 25 of the Complaint.

26. Defendant denies the allegations in Paragraph No. 26 of the Complaint.

27. Defendant denies the allegations in Paragraph No. 27 of the Complaint.

## SECOND CAUSE OF ACTION: RACIAL DISCRIMINATION

### 42 *U.S.C.* § 2000 *et seq.*

(Against Defendant FedEx)

28. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 27 above as though fully set forth herein.

29. Defendants deny the allegations in Paragraph No. 29 of the Complaint.

30. Defendants deny the allegations in Paragraph No. 30 of the Complaint.

31. Defendants deny the allegations in Paragraph No. 31 of the Complaint.

32. Defendants deny the allegations in Paragraph No. 32 of the Complaint.

33. Defendants deny the allegations in Paragraph No. 33 of the Complaint.

## THIRD CAUSE OF ACTION: RACIAL DISCRIMINATION

### *Cal. Gov't. Code* § 12940

(Against Defendant FedEx)

34. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 33 above as though fully set forth herein.

35. Defendants deny the allegations in Paragraph No. 35 of the Complaint.

36. Defendants deny the allegations in Paragraph No. 36 of the Complaint.

37. Defendants deny the allegations in Paragraph No. 37 of the Complaint.

38. Defendants deny the allegations in Paragraph No. 38 of the Complaint.

## FOURTH CAUSE OF ACTION:  HARASSMENT

## Cal. *Govt*. Code § 12940

(Against All Defendants)

39. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 38 above as though fully set forth herein.

40. Defendants deny the allegations in Paragraph No. 40 of the Complaint.

41. Defendants deny the allegations in Paragraph No. 41 of the Complaint.

42. Defendants deny the allegations in Paragraph No. 42 of the Complaint.

43. Defendants deny the allegations in Paragraph No. 43 of the Complaint.

44. Defendants deny the allegations in Paragraph No. 44 of the Complaint.

## FIFTH CAUSE OF ACTION:  RETALIATIION

## Cal. *Govt. Code* § 12940 and 42 *U.S.C.* § 2000 *et seq.*

(Against All Defendants)

45. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 44 above as though fully set forth herein.

46. Defendants deny the allegations in Paragraph No. 46 of the Complaint.

47. Defendants deny the allegations in Paragraph No. 47 of the Complaint.

48. Defendants deny the allegations in Paragraph No. 48 of the Complaint.

49. Defendants deny the allegations in Paragraph No. 49 of the Complaint.

50. Defendants deny the allegations in Paragraph No. 50 of the Complaint.

51. Defendants deny the allegations in Paragraph No. 51 of the Complaint.

## SIXTH CAUSE OF ACTION: CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

### Cal. *Govt. Code* § 12940

(Against All Defendants)

52. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 51 above as though fully set forth herein.

53. Defendants deny the allegations in Paragraph No. 53 of the Complaint.

54. Defendants deny the allegations in Paragraph No. 54 of the Complaint.

55. Defendants deny the allegations in Paragraph No. 55 of the Complaint.

## SEVENTH CAUSE OF ACTION: FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM HARASSMENT

Cal. *Govt. Code* § 12940

(Against All Defendants)

56. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 55 above as though fully set forth herein.

57. Defendants deny the allegations in Paragraph No. 57 of the Complaint, and subpart 1.

## EIGHTH CAUSE OF ACTION:  FAILURE TO INVESTIGATE

## Cal. *Govt. Code* § 12940

(Against All Defendants)

59. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 57 above as though fully set forth herein.

60. Defendants deny the allegations in Paragraph No. 60 of the Complaint.

61. Defendants deny the allegations in Paragraph No. 61 of the Complaint.

62. Defendants deny the allegations in Paragraph No. 62 of the Complaint.

63. Defendants deny the allegations in Paragraph No. 63 of the Complaint.

## NINTH CAUSE OF ACTION:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

64. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 63 above as though fully set forth herein.

65. Defendants deny the allegations in Paragraph No. 65 of the Complaint.

66. Defendants deny the allegations in Paragraph No. 66 of the Complaint.

67. Defendants deny the allegations in Paragraph No. 67 of the Complaint.

68. Defendants deny the allegations in Paragraph No. 68 of the Complaint.

## TENTH CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT

Cal. Govt. Code § 12940

(Against All Defendants)

69. Defendants incorporate their admissions and denials as asserted in Paragraphs 1 through 68 above as though fully set forth herein.

70. Defendants deny the allegations in Paragraph No. 70 of the Complaint.

71. Defendants deny the allegations in Paragraph No. 71 of the Complaint.

## PRAYER FOR RELIEF

Responding to the WHEREFORE Paragraph, and subsections 1 through 7, Defendants deny that Plaintiff is entitled to any recovery.

Any allegation not specifically admitted is denied.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses:

1. The Complaint, and each claim set forth therein, fails to state a claim upon which relief can be granted.

2. The Complaint, and each claim set forth therein, is barred because at all times relevant Defendants acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendants at the time it acted.

3. The Complaint, and each claim set forth therein, is barred because Defendants' conduct is protected by the managerial privilege and/or that all actions taken with respect to Plaintiff was undertaken and exercised with proper managerial discretion, with good cause, and for proper, lawful reasons.

4. The Complaint, and each claim set forth therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. Defendants allege provisionally and conditionally that if Plaintiff suffered any damages, such damages were proximately or legally caused by the misconduct, neglect and fault of Plaintiff and/or parties other than Defendants.

6. Defendants allege that Plaintiff is not entitled to recover any punitive damages because: (1) Plaintiff failed to plead facts sufficient to support the recovery of punitive damages; and (2) Defendants committed no act justifying an award of punitive damages.

7. Defendants allege that the provisions of California law allowing for the award of punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate Defendants' rights to due process and equal protection under the law pursuant to both the United States and California Constitutions.

8. Defendants allege that the Complaint and each cause of action set forth therein are barred because all conduct toward Plaintiff was undertaken by reason of business necessity and/or for lawful business reasons.

9. Some or all of the claims are barred by the failure to exhaust administrative remedies in a timely manner.

10. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or to avoid harm otherwise.

11. In the event that any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Defendants affirm that they took prompt and effective action to remedy any such acts and therefore have no liability for them.

12. Defendants contend Plaintiff's claims are barred by the doctrine of laches. Specifically, to the extent harm was suffered Defendants were not promptly notified of the harm.

13. Defendants allege that Plaintiff failed to exercise reasonable care to mitigate the damages, if any, caused by any conduct of Defendants.

14. Defendants allege that some or all of the damages, if any, may be barred by the after-acquired evidence doctrine.

15. Defendants allege that some or all of Plaintiff's claims are preempted by California's Workers' Compensation Act.

DATED:  July 2, 2008          Respectfully submitted,


By:     /S/
        Mireya A.R. Llaurado
        Attorney for Defendants
        FEDERAL EXPRESS CORPORATION,
        EVERETT REY, and ROBERT VAN
        GALDER

738112

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On July 2, 2008, I served the within document(s):

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with O.C. Corporate Courier Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

**Waukeen Q. McCoy, Esq.**
**Law Offices of Waukeen Q. McCoy**
**703 Market Street, Suite 1407**
**San Francisco, California 94103**
**Telephone No.: (415) 675-7705**
**Facsimile No.: (415) 675-2530**

**Attorneys for Plaintiff, Pernell Evans**

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 2, 2008, at Irvine, California.

/S/
_____
Diane Fay Esparza