1  MIREYA A.R. LLAURADO, ESQ. (Bar No. 194882)
   CHRISTOPHER J. YOST, ESQ. (Bar No. 150785)
2  **FEDERAL EXPRESS CORPORATION**
   2601 Main Street, Suite 340
3  Irvine, California 92614
   Telephone:  (949) 862-4632
4  Facsimile:   (949) 862-4605
   E-mail:        mallaurado@fedex.com
5
6  Attorneys for Defendants
   FEDERAL EXPRESS CORPORATION,
7  EVERETT REY, and ROBERT VAN GALDER,
   erroneously sued and served as Robin Van Galder
8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
11  PERNELL EVANS, an individual,              Case No. CV-08-01005 MHP
                                               Assigned to: Honorable  Marilyn  Hall
12              Plaintiff,                      Patel, Courtroom 15
            v.
13                                             **DEFENDANTS' NOTICE OF**
    FEDEX EXPRESS, a Corporation,             **MOTION AND MOTION TO**
14  EVERETT REY, an individual, ROBIN         **DISMISS CLAIMS UNDER**
    VAN GALDER, a individual, and DOES        **RULE 12(B)(6)**
15  1-50, Inclusive,
                                               Date:        August 11, 2008
16              Defendants.                     Time:         2:00 p.m.
                                               Courtroom: 15
17
                                               Complaint Filed:  Feb. 19, 2008
18                                             Trial Date:   None Set
19
20  **TO PLAINTIFF PERNELL EVANS AND TO HIS ATTORNEYS OF**
21  **RECORD:**
22          PLEASE TAKE NOTICE that on August 11, 2008 at 2:00 p.m., or as soon
23  thereafter as counsel may be heard by the above-entitled Court, located at U.S.
24  Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102-3483,
25  Defendants Federal Express Corporation ("FedEx Express"), Everett Rey ("Rey")
26  and Robert Van Galder ("Van Galder"), erroneously sued and served as Robin Van
27  Galder, will and hereby do request that this Court grant their Motion To Dismiss
28  Under Rule 12(b)(6) and dismiss the following claims alleged in Plaintiff's

                                    1

Complaint on the grounds that each fails to state a claim for which relief may be granted:

(1) **Fifth** claim (for retaliation) against Rey and Van Galder because under both the California Fair Employment and Housing Act (FEHA) and the federal 42 U.S.C. 2000e, individuals are not liable for retaliation.

(2) **Sixth** claim (for constructive discharge/public policy violation) because no such claim exists in California and, even if it did, individual defendants are not liable for constructive discharge or for public policy violations.

(3) **Seventh** claim (failure to maintain environment free from harassment under FEHA) against Rey and Van Galder because no such claim may be brought against the individual defendants.

(4) **Eighth** claim (failure to investigate under FEHA) against Rey and Van Galder because no such claim may be brought against the individual defendants.

(5) **Ninth** claim (for IIED) against all defendants because state law preempts the claim, and Plaintiff has failed to allege any facts to support any viable claim.

(6) **Tenth** claim (for "hostile work environment" under FEHA) against all defendants because no such claim exists apart from the "hostile work environment" alleged in Plaintiff's fourth claim, for FEHA "harassment."

This motion follows the initial Case Management Conference, held June 3, 2008. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and proposed order filed

2

1  contemporaneously herewith, the files and records in this action, and on such other

2  and further argument as the Court may permit in any hearing of this motion.

3

4

5  DATED:  July 2, 2008                    Respectfully submitted,

6

7                                  By:        /S/

8                                          Mireya A.R. Llaurado
                                           Attorney for Defendants
9                                          FEDERAL EXPRESS CORPORATION,
                                           EVERETT REY, and ROBERT VAN
                                           GALDER

10

11

12  738407

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION TO DISMISS UNDER 12(B)(6)                    CV-08-01005 MHP

# <u>CERTIFICATE OF SERVICE</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On July 2, 2008, I served the within document(s):

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS UNDER RULE 12(B)(6)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with O.C. Corporate Courier Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

**Waukeen Q. McCoy, Esq.**
**Law Offices of Waukeen Q. McCoy**
**703 Market Street, Suite 1407**
**San Francisco, California 94103**
**Telephone No.: (415) 675-7705**
**Facsimile No.: (415) 675-2530**

**Attorneys for Plaintiff, Pernell Evans**

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 2, 2008, at Irvine, California.

/S/
_____
Diane Fay Esparza

DEFENDANTS' NOTICE OF MOTION TO DISMISS UNDER 12(B)(6)                    CV-08-01005 MHP

1  MIREYA A.R. LLAURADO, ESQ. (Bar No. 194882)
   CHRISTOPHER J. YOST, ESQ. (Bar No. 150785)
2  **FEDERAL EXPRESS CORPORATION**
   2601 Main Street, Suite 340
3  Irvine, California 92614
   Telephone:  (949) 862-4632
4  Facsimile:  (949) 862-4605
   E-mail:      mallaurado@fedex.com
5
6  Attorneys for Defendants
   FEDERAL EXPRESS CORPORATION,
7  EVERETT REY, and ROBERT VAN GALDER,
   erroneously sued and served as Robin Van Galder

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11  PERNELL EVANS, an individual,          Case No. CV-08-01005 MHP
                                           Assigned to: Honorable  Marilyn  Hall
12          Plaintiff,                     Patel, Courtroom 15

13      v.
                                           **DEFENDANTS' MEMORANDUM
14  FEDEX EXPRESS, a Corporation,          OF POINTS & AUTHORITIES IN
    EVERETT REY, an individual, ROBIN      SUPPORT OF** *Fed. R. Civ. P.*
15  VAN GALDER, a individual, and DOES     12(b)(6) **MOTION TO DISMISS**
    1-50, Inclusive,
16                                         Date:       August 11, 2008
            Defendants.                    Time:        2:00 p.m.
17                                         Courtroom:  15

18                                         Complaint Filed:  Feb. 19, 2008
19                                         Trial Date:       None Set

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**                                    **Page Nos.**

I.    INTRODUCTION ................................................................................1

 A.  Procedural History and Statement of Facts. ...................................1

 B.  Statement Of Issues. ........................................................................2

II.    ARGUMENT ...................................................................................3

 A.  Legal Standard for Motion to Dismiss. ...........................................3

 B.  The Court Should Dismiss the Fifth Claim Against Rey and Van Galder Because, As a Matter of Law, They Cannot Be Held Individually Liable for Retaliation. ......................................................................................4

 C.  The Court Should Dismiss The Sixth Claim Because No Such Claim Exists Rey and Van Galder Cannot As A Matter of Law Be Held Individually Liable For Wrongful Termination/Constructive Discharge. ...............................5

  1.   Plaintiff Fails To State A Claim Against Any Defendant. ......................5

  2.   The Claim Is Especially Improper As To Rey & Van Galder. ..................6

 D.  Plaintiff's Seventh & Eighth Claims Also Fail Against The Individual Defendants Because They Cannot Be Held Individually Liable. ..........................7

 E.  Plaintiff's Ninth Claim Fails as to State a Claim of IIED. .............................7

  1.   The California Workers Compensation Act (WCA) Preempts Plaintiff's IIED Claim. ...................................................................................8

  2.   Even If the Court Declines to Find Preemption, Plaintiff's IIED Claim Fails Because He Has Not Alleged Any Facts. ...............................10

 F.  Plaintiff's Tenth Claim, For FEHA "Hostile Work Environment," Fails to State a Claim Against Any of the Defendants Because It Merely Duplicates The Fourth Claim For FEHA "Harassment." ...........................................11

III. CONCLUSION ...............................................................................12

**TABLE OF AUTHORITIES**                                          **Page Nos.**

**Cases**

*Austin v. Terhune*, 367 F.3d 1167 (9th Cir. 2004).....................................................10

*Bell Atlantic Corp. v. Twombly*, 548 U.S. 903 (2007) ................................................3

*Christensen v. Superior Ct.*, 54 Cal.3d 868 (1991) ..................................................10

*Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148 (1987)............................10

*Conley v. Gibson*, 355 U.S. 41 (1957)........................................................................3

*Davidson v. City of Westminster,* 32 Cal.3d 197 (1982) ..........................................10

*Fiol v. Doellstedt*, 50 Cal.App.4th 1318 (1996) .........................................................7

*Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590 (1989) .......................10

*Grosz v. Lassen Cmty. College Dist.*,  2007 U.S. Dist. LEXIS 90896, *5  (E.D.
    Calif. 2007)............................................................................................................4

*Hamilton v. Prudential Fin.*, 2007 U.S. Dist. LEXIS 72034 (E.D. Calif. 2007) ....10

*Harmston v. City & County of San Francisco,*  2007 U.S. Dist. LEXIS 74891, *6
    (N.D. 2007) ...........................................................................................................5

*Hsieh v. Nicholson*, 2007 U.S. Dist. LEXIS 66874, *2 (N.D. Calif. 2007).............4

*Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158 (March 3, 2008)
    ...............................................................................................................................5

*Khavaji v. Feather River Anestesia Med. Group*, 84 Cal.App.4th 32 (2000) ...........6

*Miller v. Maxwell's Intl Inc.*, 991 F.2d 583 (9th Cir. 1993) .......................................4

*Mitchell v. Perez*, 2007 U.S. Dist. LEXIS 55314, * 22 (E.D. Calif. 2007) .............4

*Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982)......................................................5

*Pichon v. Pacific Gas & Elec. Co.,*  212 Cal. App.3d 488 (1989) ...........................8

*Pitchford v. Hematronix Inc.,* 1995 U.S. Dist. Lexis 4647, at **8,14 (N.D. Cal.
    1995)......................................................................................................................8

*Shoemaker v. Meyers,* 52 Cal.3d 1 (1990)..................................................................8

*Spratley v. Winchell Donut House, Inc.,* 188 Cal.App.3d 1408 (1987) ...................9

ii

*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980)...........................................5

*Trerice v. Blue Cross of California*, 209 Cal.App.3d 878......................................11

*Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238 (1994)............................................5

*Twombly*, *supra*, 127 S. Ct. 1955, at 1964-1965 ....................................................11

*Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal.App. 4th 1310 (1996) ...............6

*Wilkerson v. Butler*, 229 F.R.D. 166 (E.D. Cal. 2005)...........................................10

**Statutes**

42 U.S.C. § 2000e ...............................................................................................2

*Cal. Govt. Code* § 12940(k).................................................................................7

*Cal. Labor Code* § 3602(a)..................................................................................8

**Rules**

*FRCivP 12(b)(6)* ...............................................................................................1

# I.    INTRODUCTION

## A.    Procedural History and Statement of Facts.

Under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, Defendant Federal Express Corporation ("FedEx Express"), and two of its supervisor employees, Mr. Everett Rey and Mr. Robert Van Galder, move for dismissal of multiple claims improperly alleged against them by Plaintiff, a former employee.

Plaintiff's Complaint is replete with improper attempts to hold Rey and Van Galder liable on legal theories for which, quite simply, there is no individual liability.  Further, Plaintiff seeks to assert other claims, specifically (IIED), without alleging even the most basic facts to support the claim.  Plaintiff also alleges claims that are duplicative and/or preempted by applicable law.[1]

The following chart summarizes the claims subject to this motion:

| Cause of Action | FedEx Express | Rey | Van Galder |
|---|---|---|---|
| First Cause of Action: Racial Discrimination, 42 U.S.C. § 1981 (Against Defendant FedEx) | | | |
| Second Cause of Action:  Racial Discrimination, 42 U.S.C. § 2000 et seq.  (Against Defendant FedEx) | | | |
| Third Cause of Action: Racial Discrimination, Cal. Gov't. Code § 12940 (Against Defendant FedEx) | | | |
| Fourth Cause of Action: Harassment, Cal. Govt. Code § 12940 (Against all defendants) | | | |
| Fifth Cause of Action: Retaliation, Cal. Govt. Code § 12940 and 42 U.S.C. § 2000 et seq.  (Against all defendants) | | Yes | Yes |
| Sixth Cause of Action: Constructive Discharge In | Yes | Yes | Yes |

---

[1]  Plaintiff previously filed this lawsuit.  On October 26, 2007, Plaintiff filed a complaint (case number 3:07-cv-5484) in U.S. District Court.  He dismissed it voluntarily without prejudice.

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS    CV-08-01005 MHP

| | | | |
|---|---|---|---|
| Violation Of Public Policy, Cal. Govt. Code § 12940 (Against all defendants) | | | |
| Seventh Cause of Action: Failure to Maintain an Environment Free From Harassment, Cal. Govt. Code § 12940 (Against all defendants) | | Yes | Yes |
| Eighth Cause of Action: Failure to Investigate, Cal. Govt. Code § 12940 (Against all defendants) | | Yes | Yes |
| Ninth Cause of Action: IIED (Against all defendants) | Yes | Yes | Yes |
| Tenth Cause of Action: Hostile Work Environment, Cal. Govt. Code § 12940 (Against all defendants) | Yes | Yes | Yes |

**B.    Statement Of Issues.**

By this Motion, Defendants argue that the Court should dismiss Plaintiff's:

(1) ***Fifth*** claim (for retaliation) against Rey and Van Galder because under both the California Fair Employment and Housing Act (FEHA) and the federal 42 U.S.C. 2000e ("Title VII"), individuals are not liable for retaliation.

(2) ***Sixth*** claim (for constructive discharge/public policy violation) because no such claim exists in California and, even if it did, individual defendants are not liable for constructive discharge or for public policy violations.

(3) ***Seventh*** claim (failure to maintain environment free from harassment under FEHA) against Rey and Van Galder because no such claim may be brought against the individual defendants.

(4) ***Eighth*** claim (failure to investigate under FEHA) against Rey and Van Galder because no such claim may be brought against the individual defendants.

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS          CV-08-01005 MHP

(5) ***Ninth*** claim (for IIED) against all defendants because state law preempts the claim, and Plaintiff has failed to allege any facts to support any viable claim.

(6) ***Tenth*** claim (for "hostile work environment" under FEHA) against all defendants because no such claim exists apart from the "hostile work environment alleged in the ***fourth*** claim, for FEHA "harassment."

## II.    ARGUMENT

### A.    Legal Standard for Motion to Dismiss.

Rule 12(b)(6) of the *Federal Rules of Civil Procedure* provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 548 U.S. 903, 127 S.Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)).

A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a claim will not do.  *Twombly,* at 1964-1965.  Plaintiff's factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.  *Id.* at 1965.  To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal

3

theory. *Id.* at 1969; *see also Grosz v. Lassen Cmty. College Dist.*, 2007 U.S. Dist. LEXIS 90896, *5 (E.D. Calif. 2007)(citing *Twombly* that "in evaluating the federal pleading standards, that `without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests'); *Hsieh v. Nicholson*, 2007 U.S. Dist. LEXIS 66874, *2 (N.D. Calif. 2007)(citing *Twombly* granting motion to dismiss for failure to name proper defendant); *Mitchell v. Perez*, 2007 U.S. Dist. LEXIS 55314, * 22 (E.D. Calif. 2007)(citing *Twombly* "while a complaint subjected to a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a plaintiff is obligated to provide a basis for his entitlement to relief beyond `labels and conclusions….[f]actual allegations must be enough to raise a right to relief above the speculative level….'").

**B.    The Court Should Dismiss the Fifth Claim Against Rey and Van Galder Because, As a Matter of Law, They Cannot Be Held Individually Liable for Retaliation.**

Title VII prohibits discrimination in employment based on race, color, sex, or national origin, as well as retaliation against those who oppose discrimination, but there is no individual liability for retaliation. 42 U.S.C. § 2000e. The Ninth Circuit has held that "individual defendants cannot be held liable for damages under Title VII." *Miller v. Maxwell's Intl Inc.*, 991 F.2d 583, 587-588 (9th Cir. 1993) (based on the statutory scheme of Title VII "it is inconceivable that Congress intended to allow civil liability to run against individual employees");

*Harmston v. City & County of San Francisco*, 2007 U.S. Dist. LEXIS 74891, \*6 (N.D. 2007) (plaintiffs' Title VII retaliation claim fails to state a claim against individual employees of employer); *see also Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982) ("[I]ndividual defendants cannot be held for back pay.").

California law is in accord.  Indeed, in *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173 (March 3, 2008), the state Supreme Court recently held that individuals cannot be held liable for retaliation.

Accordingly, Plaintiff's attempt to hold Rey and Van Galder liable is wholly improper.  The Court should dismiss the fifth claim against them, with prejudice.

**C.    The Court Should Dismiss The Sixth Claim Because No Such Claim Exists Rey and Van Galder Cannot As A Matter of Law Be Held Individually Liable For Wrongful Termination/Constructive Discharge.**

**1.    Plaintiff Fails To State A Claim Against Any Defendant.**

In the sixth claim, for "Constructive Discharge in Violation of Public Policy" Plaintiff attempts to devise a claim that does not exist under state law. Indeed, the perplexing claim tries to combine ***contract*** claims of constructive discharge (*see Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1244-45 (1994)) with ***tort*** law concepts of wrongful termination in violation of public policy (*see Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980).  Even if the Court permitted a constructive discharge theory, Plaintiff's attempt to state the claim here fails because he fails does not allege any facts bearing on the elements of such claim.  At the very least, an employee must allege that the "employer either

intentionally created or knowingly permitted working conditions that were so intolerable or aggravated that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *See Turner*, 7 Cal.4[th] at 1244-45.

Plaintiff here makes no such allegation. Indeed, the sixth claim merely incorporates the vague factual assertions of the Complaint's previous paragraphs, none of which set forth -- or even suggest -- "working conditions that were so intolerable or aggravated" legally required under *Turner*. *See Complaint* ¶¶ 10-21, 52-55. Nor does Plaintiff allege, as required, that his former employer "intentionally created or knowingly permitted working conditions" compelling him to resign. *Id.* Absent such allegations, Plaintiff's claim must fail at this juncture.

### 2.    The Claim Is Especially Improper As To Rey & Van Galder.

Even if the Court were to somehow find that Plaintiff can proceed on his claim against his FedEx Express, it should dismiss the claims against Rey and Van Galder. Both constructive discharge and wrongful termination claims require an "***employer-employee relationship***," which does not exist between Plaintiff and the individual defendants. *See Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal.App. 4th 1310, 1315 (1996); *Khavaji v. Feather River Anestesia Med. Group*, 84 Cal.App.4[th] 32, 53 (2000). Thus, at the very least, the Court should dismiss the sixth claim with prejudice as to Defendants Rey and Van Galder.

### D. Plaintiff's Seventh & Eighth Claims Also Fail Against The Individual Defendants Because They Cannot Be Held Individually Liable.

Plaintiff's seventh and eighth claims are brought under FEHA, specifically *California Government Code* section 12940, and they both are improper alleged against individual defendants.

By their very nature, the statutory duty to prevent (seventh claim) and to investigate (eighth claim) FEHA violations, are viable only against employers. Under the plain language of the FEHA, the obligation to "to take all reasonable steps necessary to prevent discrimination and harassment from occurring" falls only on an employing entity, not individual supervisors. *Cal. Govt. Code* § 12940(k).[2]  Further, the courts have held that a supervisor's inaction by itself cannot be considered "aiding and abetting." *Fiol v. Doellstedt*, 50 Cal.App.4th 1318, 1326 (1996).  Because the employer – not individual supervisors – bears the burden of investigating claims of FEHA violations, this Court should dismiss the claims as to individual supervisors Rey and Van Galder.

### E. Plaintiff's Ninth Claim Fails as to State a Claim of IIED.

All defendants are entitled to have the IIED claim dismissed because the California Workers Compensation Act preempts the claim.  Further, even if such a

---

[2]  The statute states, in relevant part:

> It shall be an unlawful employment practice, … ***For an employer, labor organization, employment agency, apprenticeship training program, or any training program*** leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

Cal. Govt. Code § 12940(k) (emphasis added).

claim could proceed, Plaintiff's complaint does not allege extreme or outrageous conduct or that this conduct was especially calculated to cause mental distress

### 1.    The California Workers Compensation Act (WCA) Preempts Plaintiff's IIED Claim.

*California Labor Code* section 3600 of the WCA provides that, when certain "conditions of compensation concur," an employer is liable to an employee under workers' compensation for any injury that arises out of the employment.  In these circumstances, workers' compensation is "the sole and exclusive remedy of the employee…against the employer."  *Cal. Labor Code* § 3602(a).

California courts routinely hold that employers cannot be held liable for tort claims filed by employees in connection with a workplace injury.  In *Shoemaker v. Meyers,* 52 Cal.3d 1 (1990) (wherein an employee was allegedly harassed and terminated in retaliation for complaining about illegal conduct), the California Supreme Court stated that the WCA's exclusive remedy provisions apply to an injury sustained and arising out of, and occurring during, the course of employment. *Id.* at 20.  See also *Pichon v. Pacific Gas & Elec. Co.,*  212 Cal. App.3d 488, 491-95 (1989) (IIED arising from being harassed by supervisor and singled out for unfair treatment is preempted by the WCA); *Pitchford v. Hematronix Inc.,* 1995 U.S. Dist. Lexis 4647, at **8,14 (N.D. Cal. 1995) (even though plaintiff alleged her IIED claim arose out of harassment and discrimination, the conduct relied upon to prove these allegations – unfair criticism, transfer, and demotion – were an inherent risk of employment and, thus, preempted).

8

When a plaintiff alleges a simple tort claim based on workplace injury, courts following California substantive law should dismiss the claims with prejudice at the pleadings stage. For example, in *Spratley v. Winchell Donut House, Inc.,* 188 Cal.App.3d 1408 (1987), an employee who endured a robbery while at work sued her employer for bad faith and fraud, claiming that the donut shop misled her to believe her workplace was safe. The court ruled that as to the allegedly tortuous conduct that the employer engaged in after plaintiff began her employment, the WCA Act provided the exclusive remedy. *Id.* at 1418. Because the face of the complaint revealed that the acts alleged all occurred during plaintiff's employment, the Court affirmed the trial court's sustaining of the demurrer without leave to amend the causes of action. *Id.* at 1418, 1420.

Because of the exclusive remedy provision, Plaintiff here may not sue his former employer or IIED as to conduct occurring in the workplace. The Complaint concedes that Plaintiff's emotional distress claims arise from acts occurring during his employment. Since *Shoemaker* and *Pichon* determined that allegations concerning harassment and terminations are a normal part of the employment relationship, tort claims asserting injury based on that conduct are all preempted. Plaintiff's IED claim is the very type that the WCA excludes from the court system, and because Plaintiff would not be able to improve his claim even if given the opportunity to amend, this court should dismiss the claim with prejudice.

**2.    Even If the Court Declines to Find Preemption, Plaintiff's IIED Claim Fails Because He Has Not Alleged Any Facts.**

The elements of an IIED claim are: (1) extreme and outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004).

Numerous state and federal courts have expounded on the elements of an IIED claim. *See Christensen v. Superior Ct.*, 54 Cal.3d 868, 903-04 (1991); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, n.7 (1987). The "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982). "Conduct is extreme and outrageous when it is of a nature which is especially calculated to cause, and does cause, mental distress." *Wilkerson v. Butler*, 229 F.R.D. 166, 171 (E.D. Cal. 2005). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 617 (1989).

Courts have dismissed IIED claims even at the ***pleading stage***. In *Hamilton v. Prudential Fin.*, 2007 U.S. Dist. LEXIS 72034 (E.D. Calif. 2007), the court granted a 12(b)(6) motion to dismiss plaintiff's IIED claim, explaining: (1) "in order to sufficiently plead a claim for [IIED], Defendant's conduct must have been `so extreme as to exceed all bounds of that usually tolerated in a civilized

10

community,'" and (2) "a plaintiff must have suffered severe or extreme emotional distress," meaning the law intervenes "'only where the distress inflicted is so severe that no reasonable man could be expected to endure it,'" and at a minimum "facts need to be alleged that indicate  the nature or extent of any mental distress suffered as a result of the alleged outrageous conduct."  *Id*. at *6-7; *see also Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883 (the court may determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery).

Plaintiff's IIED claim fails the most basic pleading requirements of the federal rules and *Twombly*, *supra*, 127 S. Ct. 1955, at 1964-1965.  Instead of alleging any facts that bear on the IIED elements, he merely recites the elements, and concludes:  "That treatment and its surrounding consequences constituted extreme and outrageous conduct by defendants."  See, e.g., Complaint ¶ 65.  Without any ***facts*** to support the elements, Plaintiff's claim fails as a matter of law.

**F.    Plaintiff's Tenth Claim, For FEHA "Hostile Work Environment," Fails to State a Claim Against Any of the Defendants Because It Merely Duplicates The Fourth Claim For FEHA "Harassment."**

In Plaintiff's fourth claim, he asserts "harassment" under California Government Code section 12940.  His tenth claim again asserts harassment under the ***exact same statute***, but uses a different moniker:  "hostile work environment."

Plaintiff's tenth claim is merely a recitation of the fourth claim.  Indeed, the fourth claim asserts that Defendants are liable for, among other allegations,

11

"creating, maintaining, encouraging, failing to properly investigate and failing to remedy . . . *a hostile work environment* prohibited by . . . FEHA."  *See Complaint* ¶ 40 (fourth claim) (emphasis added).  The tenth claim, while adding no new facts whatsoever, is merely a repeat of the earlier hostile work environment claim.  *See Complaint* ¶¶ 69-71.  The Court should dismiss the tenth claim because it fails to state a claim separate and apart from Plaintiff's fourth claim.

### III. CONCLUSION

In sum, Defendants have demonstrated that, as a matter of law, Plaintiff's allegations are meritless.  Rather than allowing him to proceed with improper claims against FedEx Express, Mr. Rey and Mr. Van Galder – thus creating burdensome and needless discovery disputes and wasting judicial resources – the Court should dismiss them now at the pleadings stage.  This is Plaintiff's *second* attempt at asserting these claims (as he filed a lawsuit previously but then dismissed it voluntarily before re-filing the instant suit with the same allegations), and since Plaintiff obviously cannot improve upon his claims, the Court has ample reason to dismiss them with prejudice.

DATED:  July 2, 2008                    Respectfully submitted,


By:      /S/
         _____
         Mireya A.R. Llaurado
         Attorney for Defendants
         FEDERAL EXPRESS CORPORATION,
         EVERETT REY, and ROBERT VAN
         GALDER

738118

12

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California  92614.

On July 2, 2008, I served the within document(s):

**DEFENDANTS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPPORT OF FED.R.CIV.P. 12(b)(6) MOTION TO DISMISS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with O.C. Corporate Courier, Inc. Attorney Service  to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California  92614, in accordance with Federal Express Corporation's ordinary business practices.

**Waukeen Q. McCoy, Esq.**
**Law Office of Waukeen Q. McCoy**
**703 Market Street, Ste 1407**
**Telephone 415.675.7705**
**Facsimile 415.675.2530**

**Attorneys for Plaintiff**

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)*  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 2, 2008, at Irvine, California.

_____/S/_____

DIANE ESPARZA

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS        CV-08-01005 MHP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

PERNELL EVANS,

               Plaintiffs,

v.

FEDERAL EXPRESS, a corporation, EVERETT REY, an individual, ROBIN VAN GALDER, an individual, and DOES 1 - 50

               Defendants.

Case No. CV-08-01005 MHP

Assigned to: Honorable Marilyn Hall Patel, Courtroom 15

[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS CLAIMS UNDER RULE 12(B)(6)

Date: August 11, 2008
Time: 2:00 p.m.
Courtroom: 15

Complaint Filed: Feb. 19, 2008
Trial Date:      None Set

      Before the Court is the Motion to Dismiss Under Rule 12(b)(6), filed by

Defendants Federal Express Corporation ("FedEx Express"), Everett Rey ("Rey")

and Robert Van Galder ("Van Galder").

Having reviewed the relevant pleadings and heard any oral argument on this motion, the Court GRANTS Defendants' motion in its entirety; and dismisses the following from Plaintiff's Complaint:

(1)    Fifth claim, for retaliation, as to Defendants Rey and Van Galder.

(2)    Sixth claim, for constructive discharge/public policy violation, as to all Defendants;                or

Sixth claim, for constructive discharge/public policy violation, as to Defendants Rey and Van Galder.

(3)    Seventh claim, for failure to maintain environment free from harassment under California's Fair Employment and Housing Act (FEHA) against Defendants Rey and Van Galder.

(4)    Eighth claim, for failure to investigate harassment under FEHA, against Defendants Rey and Van Galder.

(5)    Ninth claim, for intentional infliction of emotional distress, against all Defendants.

(6)    Tenth claim, for hostile work environment under FEHA, against all Defendants.

IT IS SO ORDERED THIS ____ day of _____, 2008.

_____
Marilyn Hall Patel
United States District Judge

738230

2

# **CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California  92614.

On July 2, 2008, I served the within document(s):

**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with O.C. Corporate Courier, Inc. Attorney Service  to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California  92614, in accordance with Federal Express Corporation's ordinary business practices.

**Waukeen Q. McCoy, Esq.**
**Law Office of Waukeen Q. McCoy**
**703 Market Street, Ste 1407**
**Telephone 415.675.7705**
**Facsimile 415.675.2530**

**Attorneys for Plaintiff**

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)*  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 2, 2008, at Irvine, California.

_____/S/_____
DIANE ESPARZA

3