MIREYA A.R. LLAURADO, ESQ. (Bar No. 194882)
CHRISTOPHER J. YOST, ESQ. (Bar No. 150785)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4632
Facsimile: (949) 862-4605
E-mail: mallaurado@fedex.com

Attorneys for Defendants
FEDERAL EXPRESS CORPORATION,
EVERETT REY, and ROBERT VAN GALDER,
erroneously sued and served as Robin Van Galder

WAUKEEN Q. MCCOY, ESQ. (Bar No. 168228)
SPENCER F. SMITH, ESQ. (Bar No. 236587)
**LAW OFFICE OF WAUKEEN Q. MCCOY**
703 Market Street, Suite 1407
San Francisco, CA 94103
Telephone: (415) 675-7705
Facsimile: (415) 675-2530

Attorneys for Plaintiff PERNELL EVANS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERNELL EVANS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX EXPRESS, a Corporation, EVERETT REY, an individual, ROBIN VAN GALDER, a individual, and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. CV-08-01005 MHP<br>Assigned to: Honorable Marilyn Hall Patel, Courtroom 15<br><br>**JOINT REPORT OF COUNSEL PURSUANT TO F.R.C.P. RULE 26 AND NORTHERN DISTRICT STANDING ORDER**<br><br>Complaint Filed: Feb. 19, 2008<br>Trial Date: None Set |

Plaintiff PERNELL EVANS (Plaintiff) and defendants FEDERAL EXPRESS CORPORATION, EVERETT REY and ROBERT VAN GALDER (collectively, "Defendants"), hereby submit the following Joint Case Management Statement, pursuant to Local Rule 16-9:

1. <u>Jurisdiction and Service</u>:

    Plaintiff filed this lawsuit in federal court, asserting claims under both state

and federal employment laws.  The parties do not dispute that the federal court has subject matter jurisdiction, in addition to personal jurisdiction, over this lawsuit.

2. <u>Facts</u>:

<u>Defendant's Version</u>:

This is an employment discrimination case brought by Plaintiff, a former at-will employee at FedEx.  Plaintiff's employment with FedEx was terminated after he failed to comply with the conditions of his sought-after medical leave of absence by failing to provide medical information to substantiate his need for such leave.  Specifically, Plaintiff failed to respond to seven (7) separate attempts to communicate with him over several months via letters, emails, and phone calls, leading FedEx to conclude that he had essentially abandoned his employment.  In his Complaint filed on February 19, 2008, Plaintiff – an African-American – alleges, *inter alia*, that FedEx discriminated against him on the basis of race and retaliated against him following a prior lawsuit that he filed against FedEx.  That lawsuit (<u>Alvarado</u>, Case 3:04-cv-00098-SI), presided over by the Honorable Judge Susan Illston, Northern District of California, was ultimately resolved in FedEx's favor.  Specifically, on post-trial motions, the Court granted FedEx's renewed motion for judgment as a matter of law and vacated the jury award.  Plaintiff failed to file a timely notice of appeal, and his motion for an extension of time to file a notice of appeal was denied.

<u>Plaintiff's Version</u>:

This is a case of employment discrimination brought by Plaintiff Pernell Evans.  Plaintiff Evans alleges that he was discriminated by Defendant FedEx because he had filed and won a previous lawsuit against FedEx for race and retaliation.  On November 20, 2006 a unanimous jury found that FedEx had discriminated against Evans on the basis of race and had retaliated against Evans for making complaints of discrimination.  The jury of eight awarded Evans a total of $950,000.00 for compensatory ($475,000.00) and punitive damages

2

1  ($475,000.00). Judge Susan Illston granted FedEx's post-trial motion in <u>Alvarado</u>,
2  setting aside the unanimous jury verdict. Plaintiff has appealed Judge Illston's
3  decision to disallow the one-time right to appeal in the case, and no appellate Court
4  has ever reviewed the matter.

5  Plaintiff contends in this case that when he returned to work after his
6  unanimous jury verdict, he was retaliated against and discriminated against, once
7  again, on the basis of his race.

8  3.    <u>Legal Issues</u>:

9  In the operative complaint, Plaintiff asserts claims under state and federal law,
10 specifically: (1) Race discrimination (42 U.S.C. § 1981); (2) Race discrimination
11 (42 U.S.C. § 2000): (3) Race discrimination (California Fair Employment and
12 Housing Act (FEHA)); (4) Harassment (FEHA); (5) Retaliation (FEHA); (6)
13 Constructive Discharge; (7) Failure to Maintain an Environment Free of
14 Harassment (FEHA); (8) Failure to Investigate (FEHA); (9) Intentional Infliction of
15 Emotional Distress (IIED); and (10) Hostile Work Environment (FEHA).

16 The legal issues presented in this case consist of whether Plaintiff can prove
17 the elements of his claims and whether Defendants can meet their burden with
18 respect to any of the affirmative defenses pled in their Answer.

19 4.    <u>Motions</u>:

20 Defendants filed a Motion to Dismiss certain claims asserted against the
21 supervisor defendants, arguing that the individuals cannot be sued in those claims.
22 Plaintiff agreed to dismiss the individuals from all but the harassment and IIED
23 claims. The parties have filed a Stipulated Entry of Dismissal for those individual
24 defendants, pursuant to <u>Jones v. Lindelli</u>.

25 During the litigation, FedEx intends to file a motion for summary judgment,
26 as well as pre-trial motions.

27 5.    <u>Amendment of Pleadings</u>:

28 Defendants do not expect any amendment of the pleadings.

JOINT REPORT OF COUNSEL                                              CV-08-01005 MHP

6. <u>Evidence Preservation</u>:

FedEx implemented an internal litigation hold to avoid any potential document destruction, as well as any erasure of emails, voicemail or other electronically-recorded material. FedEx will disclose discoverable documents, which are not subject to the attorney-client privilege or attorney work-product protections, in printed format.

7. <u>Disclosures</u>:

FedEx intends to serve its Initial Disclosures on Plaintiff on or before the deadline, which is 14 days after the Case Management Conference.

8. <u>Discovery</u>:

A. The parties will take discovery on the claims contained in Plaintiff's Complaint and on damages-related issues. FedEx intends to serve Plaintiff with written discovery (special interrogatories, requests for admission and request for production of documents and things). FedEx intends to depose Plaintiff by November 2008 and will depose any third party witnesses by February 2009.

B. Discovery should not be conducted in phases, except as noted under Expert Witnesses, infra.

C. Defendant requests that the time permitted for deposition of Plaintiff shall not be more than fourteen (14) hours. Defendant shall complete Plaintiff's deposition before plaintiff may take any deposition.

Plaintiff opposes Defendant's requests for a 14 hour deposition of the Plaintiff. Plaintiff believes that the deposition should be completed in the maximum time of 7 hours pursuant to the Federal Rules of Civil Procedure. Plaintiff also believes that he can take and complete defense witnesses' deposition at 7 hours each. Plaintiff also opposes Defendant's position that Plaintiff cannot take any depositions prior to the completion of Plaintiff's deposition. Plaintiff's position is that Plaintiff and Defendant should meet and confer regarding the deposition dates and if there is no agreement the parties will inform the Court.

     D.     Expert Witnesses. The proposed timing of disclosures under F.R.Civ.P. 26(a)(2). Expert Discovery will be managed as follows:

          i.    Plaintiff shall make disclosures under F.R.Civ.P. 26(a)(2) by March 3, 2009.

          ii.   Defendant shall make disclosures under F.R.Civ.P. 26(a)(2) by April 7, 2009.

          iii.  Expert discovery shall commence fourteen days after the Court's ruling on Dispositive Motions and cut-off thirty days after it commences.

     E.     No other changes will be made in the limitation on discovery imposed by the Federal Rules of Civil Procedure or Local Rules.

9. <u>Class Actions</u>:

There are no class action allegations.

10. <u>Related Cases</u>:

The parties are unaware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>:

FedEx is not seeking damages but is seeking its costs and attorneys' fees.

12. <u>Settlement and ADR</u>:

The parties have agreed to mediate this case on September 15, 2008, before a Ninth Circuit mediator.

13. <u>Consent to Magistrate Judge for All Purposes</u>:

The parties are unwilling to submit this case to a Magistrate Judge.

14. <u>Other References</u>:

This case is not suitable for arbitration, a special master or the Judicial Panel.

15. <u>Narrowing of Issues</u>:

FedEx believes that, at trial, the parties may be able to stipulate to some of the facts. Plaintiff's position is that the jury must hear the procedural history of this

1  case as it is predicate for the retaliation claim.

    Further, FedEx will seek bifurcation of punitive damages issues at trial.

16. <u>Expedited Schedule</u>:

    The parties do not believe this case is amenable to streamlined procedures.

17. <u>Scheduling</u>:

    FedEx proposes, and Plaintiff has no opposition to, setting a trial date of May 11, 2009. Discovery will be concluded on March 2, 2009, except expert discovery, which will take place in March and April, 2009. See 8(D), *supra*.

18. <u>Trial</u>:

    FedEx proposes a trial date of May 11, 2009, and it anticipates an 8-day trial. FedEx has not requested a jury trial. Plaintiff has requested a Jury Trial and expects the trial to last at least 10 days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

    FedEx filed its Certificate of Interested Parties on July 3, 2008.

20. <u>Other Matters as may facilitate the just, speedy and inexpensive disposition of this matter</u>:

    None at this time.

    **IT IS SO ORDERED.**

Dated: _____ \_\_\_\_, 2008     _____
                                                               Judge Marilyn Hall Patel

**SUBMITTED:**

Dated: July 25, 2008

| LAW OFFICE OF WAUKEEN Q. MCCOY | FEDERAL EXPRESS CORPORATION |
|---|---|
| /s/ Waukeen McCoy | /s/ Mireya A.R. Llaurado |
| _____ <br> Waukeen Q. McCoy <br> Spencer F. Smith | _____ <br> Mireya A.R. Llaurado <br> Christopher J. Yost <br> Attorneys for Defendants FEDERAL |

| Attorneys for Plaintiff PERNELL EVANS | EXPRESS CORPORATION, EVERETT REY, and ROBERT VAN GALDER |
|---|---|

741140

# **CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On July 25, 2008, I served the within document(s):

**JOINT REPORT OF COUNSEL PURSUANT TO F.R.C.P. RULE 26 AND NORTHERN DISTRICT STANDING ORDER**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with O.C. Corporate Courier Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

**Waukeen Q. McCoy, Esq.**
**Law Offices of Waukeen Q. McCoy**
**703 Market Street, Suite 1407**
**San Francisco, California 94103**
**Telephone No.: (415) 675-7705**
**Facsimile No.: (415) 675-2530**

**Attorneys for Plaintiff, Pernell Evans**

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 25, 2008, at Irvine, California.

_____/S/_____
Julia Stumpf